# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| Central Suburban Contracting and | ) |
| Maintenance, Inc., | ) Bankruptcy No. 09 B 48653 |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) Judge Donald R. Cassling |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **February 6, 2015,** at the hour of **10:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling or before any other judge sitting in his place and stead in Courtroom 240 of the Kane County Courthouse, 100 South Third Street, Geneva, Illinois, and shall then and there present the attached **First and Final Application of InnovaLaw, P.C. for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Trustee**, a copy of which is hereby served upon you.

> Kathleen M. McGuire
> InnovaLaw, P.C.
> 15020 S. Ravinia Ave. Suite 29
> Orland Park IL  60462
> Tel. (708) 675-1975
> Fax:  (708) 675-1786

## CERTIFICATE OF SERVICE

I, Kathleen M. McGuire, an attorney, certify that I caused a copy of the foregoing Notice and Motion to be served on the parties listed on the attached service list by electronic notice through the CM/ECF filing system, or by first class mail by depositing same with the United States Postal Service, Orland Park, Illinois, postage prepaid, prior to 5:00 P.M., this 12th day of January, 2015.

> /s/ Kathleen M. McGuire

**In re – Central Suburban Contracting and Maintenance, Inc. 09-48653**
**Service List**

Service through the CM/ECF filing system:

- **Joseph P. Berglund**   berglundmastny@aol.com, berglundniew@aol.com
- **David Brown**   dbrown@springerbrown.com, jkrafcisin@springerbrown.com
- **Kent A Gaertner**   kgaertner@springerbrown.com, kgaertner@springerbrown.com;jkrafcisin@springerbrown.com
- **William A Hellyer**   william.hellyer@williamhellyer.com
- **Brenda Porter Helms**   brenda.helms@albanybank.com, bhelms@ecf.epiqsystems.com
- **Ariane Holtschlag**   aholtschlag@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- **Christina K Krivanek**   christinak@chilpwf.com, fundcounsel@gmail.com;vedranaa@chilpwf.com
- **Elizabeth A LaRose**   elarose@local150.org, docketing@local150.org;lkramer@local150.org
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Kenneth M Mastny**   ken.mastny@gmail.com, berglundmastny@aol.com
- **Anthony G Suizzo**   ags@suizzolaw.com
- **Douglas C. Tibble**   dtibble@napervillelaw.com
- **Kathleen Vaught**   attykv@yahoo.com
- **Patrick T. Wallace**   wallace.patrick@gmail.com, fundcounsel@gmail.com

Service by U.S. Mail:

Central Suburban Contracting and Maintenance, Inc.
29 W. 261 Vale Rd.
West Chicago, IL  60185

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Central Suburban Contracting and ) | |
| Maintenance, Inc., ) | Bankruptcy No. 09-48653 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Judge Donald R. Cassling |

**COVER SHEET FOR APPLICATION FOR FIRST AND FINAL
APPLICATION FOR ALLOWANCE OF PROFESSIONAL COMPENSATION**

Name of Applicant:            InnovaLaw, P.C.

Authorized to Provide
Professional Services to:     David E. Grochocinski, as initial trustee for the chapter 7 estate of Central Suburban Contracting and Maintenance, Inc., and Brenda Porter Helms, the successor trustee

Date of Order
Authorizing Employment:       June 11, 2010, effective January 25, 2010

Period for Which
Compensation Is Sought:       March 26, 2010 through December 11, 2014

Amount of Fees Sought:        $23,164.00

Amount of Expense
Reimbursement Sought:         $1,328.85

This is an       Interim Application ____       Final Application __X__

If this is not the first application filed herein by this professional, disclose all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None. | | | | None. |

Date: January 12, 2015                        By: __/s/ Kathleen M. McGuire

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| Central Suburban Contracting and ) | |
| Maintenance, Inc. ) | Bankruptcy No. 09B48653 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Judge Donald R. Cassling |

**FIRST AND FINAL APPLICATION OF INNOVALAW, P.C. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE TRUSTEE**

Now comes Kathleen M. McGuire and InnovaLaw, P.C. (collectively, the "Applicant"), counsel for David E. Grochocinski, the initial chapter 7 trustee (the "Initial Trustee") of the bankruptcy estate (the "Estate") of Debtor Central Suburban Contracting and Maintenance, Inc., and successor trustee Brenda Porter Helms (the "Successor Trustee") and pursuant to 11 U.S.C. §§ 330 and Fed. R. Bankr. P. 2016, submits this First and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for professional services rendered as attorneys to the Initial Trustee and the Successor Trustee (collectively, the "Trustee").

**Background**

1.  On December 23, 2009, the Debtor commenced this case by filing a petition for relief under chapter 7 of the Bankruptcy Code.

2.  On June 11, 2010, the Court entered an order authorizing the retention of Grochocinski Grochocinski & Lloyd, Ltd. ("GGL") as attorneys for the Initial Trustee, effective January 25, 2010 (the "Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A.

3.  Since June 2012, InnovaLaw, P.C. has employed the GGL attorneys retained to

represent the Initial Trustee.

4. On April 16, 2014, the Initial Trustee resigned and the Successor Trustee was appointed. Since the Initial Trustee's resignation, Applicant has continued to represent the Trustee.

5. Applicant has expended significant time and resources in rendering legal services to the Trustee.

6. This is Applicant's first and final request for compensation as attorneys for the Trustee. Applicant has not previously received any compensation in this case.

**Services Rendered and Amount Requested**

7. Between March 26, 2010 and December 11, 2014 (the "Application Period"), Applicant expended 72.3 hours of time in providing the following services to the Trustee. Applicant requests total compensation of $23,164.00 for its services at its customary billing rates as follows:

| Attorney or Paralegal | Hours | Total |
| --- | --- | --- |
| Arianne Holtschlag (AH) | 1.7 | $382.50 |
| Kathleen M. McGuire (KMM) | 67.3 | $21,869.00 |
| Kristine Hubert (KH) | 1.5 | $112.50 |
| David E. Grochocinski (DEG) | 1.8 | $800.00 |
| Total: | 72.3 | $23,164.00 |

8. The legal services provided by Applicant are divided into the following categories:

(i). <u>General Administration</u>: Applicant expended 5.1 hours in connection with the administration of the estate. Work in this category included the preparation and presentation of motions to employ professionals, and time spent in procuring the turnover of a bank account. Time charges in this category also include 1.5 hours of work on this fee petition.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| DEG | 1.4 | $450.00 | $630.00 |
| KMM | .5 | $385.00 | $192.50 |
| AH | 1.7 | $225.00 | $382.50 |
| KH | 1.5 | $75.00 | $112.50 |
| Total: | 5.1 | | $1,317.50 |

(ii).   Preference demands and litigation:   Applicant expended 26.1 hours in making demands for the return of preferential payments and in the litigation of four preference lawsuits.  A judgment of default was entered in a lawsuit against Gregory Reed, and a lawsuit against Christopher Volpe was settled after Applicant responded to discovery requests.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 21.9 | $310.00 | $6,789.00 |
| KMM | 3.8 | $385.00 | $1,463.00 |
| DEG | .4 | $425.00 | $170.00 |
| Total: | 26.1 | | $8,422.00 |

(iii).   Accounts Receivable:   At the time of its bankruptcy filing, there were outstanding balances owed to the Debtor on a number of construction subcontracts.  General contractors asserted claims for setoff against several of the Debtor's construction receivables, and the Laborers' Union Funds also asserted that several receivables were subject to a trust in the Funds' favor.  Applicant addressed legal issues with representatives of the general contractors and union funds, and procured the turnover of certain construction receivables.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | .4 | $275.00 | $110.00 |
| KMM | 8.2 | $310.00 | $2,542.00 |
| KMM | 6.4 | $385.00 | $2,464.00 |
| Total: | 15.0 | | $5,116.00 |

(iv).   Claim Objections:   Applicant brought objections to the claims of seven creditors that asserted secured claims against the Debtor's estate.  Through its work in connection with construction receivables, Applicant determined that certain of those claims had been overstated.  In all instances, stipulations were entered that determined the allowable amounts of the claims and allowed the claims as unsecured claims against the Debtor's estate.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| KMM | 23.2 | $310.00 | $7,192.00 |
| KMM | 2.9 | $385.00 | $1,116.50 |
| Total: | 26.1 | | $8,308.50 |

9. A detailed summary of Applicant's services during the Application Period and related charges for those services is attached hereto as Exhibit B.

10. All fees for which allowance is sought were incurred in connection with Applicant's representation of the Trustee and were reasonable and necessary to effectively assist the Trustee in the administration of the Debtor's estate.

11. <u>Expenses</u>. Attached to this application as Exhibit C is an itemized statement of the actual and necessary expenses incurred by Applicant during the period March 26, 2010 through December 11, 2014, and for which reimbursement is sought. Those expenses, which total $1,328.85, were actually and necessarily incurred in order to assist the Trustee in the administration of the Estate.

12. Applicant seeks allowance of its fees and expenses as a chapter 7 administrative expense under 11 U.S.C. § 503(b), payable as funds are available to do so in the discretion of the Successor Trustee.

**Other Disclosures under Fed. R. Bankr. P. 2016**

13. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to the matters on which Applicant was employed.

14. No agreement or understanding exists between Applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, other than compensation that has been or will be approved by the Court upon the applications of other professionals employed to represent the Trustee in this case.

**InnovaLaw, P.C. Biographical Information**

The majority of the services rendered in this case were by Kathleen M. McGuire, who graduated with honors from IIT Chicago-Kent College of Law in 1988, and has practiced exclusively in the fields of bankruptcy and federal civil litigation since that time. Ms. McGuire is

admitted to practice in the State of Illinois and the United States District Courts for the Northern and Central Districts of Illinois, as well as the Trial Bar of the Northern District of Illinois. Between 1988 and 2004, Ms. McGuire served as a law clerk to a number of judges in the Bankruptcy Court and District Court. In private practice, she has represented chapter 7 trustees, debtors and creditors in a wide variety of matters in the Bankruptcy Court and in appeals to the District Court. Before receiving her law degree, Ms. McGuire practiced as a certified public accountant.

      David E. Grochocinski was appointed to the private panel of bankruptcy trustees for the Northern District of Illinois in 1984, and he served in that capacity until his resignation in April 2014. Besides serving as a panel trustee, Mr. Grochocinski had extensive experience in representing other trustees, debtors and creditors in consumer and commercial bankruptcies, and in non–bankruptcy workouts. Mr. Grochocinski graduated with honors from John Marshall Law School in 1976, and he was admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois. Mr. Grochocinski was also a member of the Northern District of Illinois Trial Bar.

      Kristine Hubert is a paralegal with Innova. Ms. Hubert holds a degree in paralegal studies and has substantial training and experience in bankruptcy matters.

**Conclusion**

Kathleen M. McGuire and InnovaLaw, P.C. request that the Court enter an order allowing a final award of professional compensation in the amount of $23,164.00 and reimbursement of expenses of $1,328.85, payable as an administrative expense under 11 U.S.C. § 503(b) as funds are available to do so in the discretion of the Successor Trustee.

        Respectfully submitted,
        InnovaLaw, P.C.

        By: /s/ Kathleen M. McGuire
            One of the attorneys for the Trustee

Kathleen M. McGuire
InnovaLaw, P.C.
15020 S. Ravinia Ave. Suite 29
Orland Park, IL  60462
Tel: (708) 675-1975
Fax: (708) 675-1786